**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eva Federico, | No. CV-20-00508-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On June 30, 2022, Magistrate Judge Maria S. Aguilera filed a Report and Recommendation ("R&R") recommending that the Court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand this matter to the agency for the calculation and award of benefits. (Doc. 31.) The Magistrate Judge informed the parties they had 14 days to file written objections to the R&R and an additional 14 days to respond. (*Id.* at 11.) Defendant filed a timely objection on July 14, 2022 (Doc. 32), and Plaintiff timely responded (Doc. 33).

I. **Standard of Review**

The standard a district court uses when reviewing the recommendation of a magistrate judge depends on whether or not a party objects; where there is no objection to a magistrate judge's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return

the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of the facts, and only discusses the facts to the extent necessary to address the objections.

## II.    Magistrate's R&R

As is relevant to Defendant's objection, the Magistrate Judge determined that the ALJ had not provided clear and convincing reasons for rejecting Federico's symptom testimony regarding her frequent seizures that prevented her from performing basic functions. (Doc. 31 at 3.) According to the ALJ, Federico's testimony was inconsistent with the objective medical evidence, which demonstrated that her seizures were not as debilitating as she indicated. (*Id.* at 3–4.) The Magistrate Judge concluded that, while this interpretation of the objective medical evidence may be supported by substantial evidence, the ALJ had not provided the further justification that is required to reject Federico's symptom testimony. (*Id.* at 4.)

First, the Magistrate Judge concluded the ALJ did not provide further justification in finding that Federico had only received "routine and conservative" treatment. (*Id.*) According to the Magistrate Judge, the ALJ determined Federico's treatment was conservative without considering the appropriate context of her condition and without any indication in the record that other more aggressive treatments were available. (*Id.*) Furthermore, Federico's treatment was not conservative—she was on three medications, made repeated trips to the emergency room, underwent numerous imaging studies, and had multiple appointments to treat her seizures. (*Id.*) Therefore, the Magistrate Judge concluded the ALJ's reliance on the determination that Federico's treatment was "routine and conservative" was not supported by substantial evidence. (*Id.*)

1
2
3
4
5
6
7
8
9
10
11

Second, the Magistrate Judge found that the ALJ's reasoning was not supported by substantial evidence when the ALJ rejected Federico's symptom testimony because she had not seen her neurologist, Dr. Noland, since December 2018. (*Id.* at 5.) The Magistrate Judge concluded that the ALJ had not considered Federico's reasons for not seeing Dr. Noland during that period, namely, that Dr. Noland wanted Federico to undergo an extended in-hospital stay in addition to the sleep study she completed, and Federico was waiting for her insurance carrier to approve the stay. (*Id.*) The ALJ's failure to mention Federico's justification or explain his reason for rejecting it precluded a finding of substantial evidence. (*Id.* at 5–6.) The Magistrate Judge further noted that the record suggested Federico sought a referral to a different neurologist, as well as the ambiguity in the record suggesting the delay was not actually one year as the ALJ found. (*Id.* at 5.)

12
13
14
15
16
17
18

Finally, the Magistrate Judge concluded that substantial evidence did not support the ALJ's rejection of Federico's testimony about her daily activities simply because her daughter reported that Federico would do light housework when she was well. (*Id.* at 6.) The Magistrate Judge reasoned that her daughter's statement was consistent with Federico's account of her daily activities and the ALJ ignored that Federico's symptoms had worsened significantly in the time between the daily function reports and Federico's testimony before the ALJ. (*Id.* at 6–7.)

19
20
21
22
23
24
25
26
27
28

Thus, the Magistrate Judge found the ALJ committed harmful error by rejecting Federico's testimony without providing other legally sufficient reasons apart from the objective medical evidence. (*Id.* at 7.) The Magistrate Judge, relying on the "credit-as-true" rule, further recommended that this Court remand for a calculation and award of benefits. (*Id.* at 9–11.) The Magistrate Judge found that all three requirements of the credit-as-true rule were met because (1) the record is fully developed and further administrative proceedings would not be useful, (2) the ALJ provided legally insufficient reasons for rejecting Federico's symptom testimony, and (3) there is no serious doubt that Federico is disabled given the extent of her incapacitating symptoms supported by the record before the ALJ. (*Id.* at 10.)

///

### III.    Defendant's Objections

Defendant objects to the Magistrate Judge's finding that the ALJ did not provide reasons supported by substantial evidence, other than the objective medical evidence, to reject Federico's symptom testimony. (Doc. 32 at 4.)

First, Defendant asserts the ALJ was not required to show that more aggressive treatments were available to conclude that Federico's treatment was "routine and conservative" because the ALJ can properly discount symptom testimony "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints." (*Id.* (quoting SSR 16-3p).) Defendant argues there was substantial evidence for the ALJ to conclude that "someone who is having 2–3 seizures per week would reasonably follow up on a more regular basis with her neurologist or primary care provider for medication changes, further imaging, and blood testing." (*Id.* at 5.)

Next, Defendant contends that substantial evidence supports the ALJ's finding that Federico's failure to see her neurologist in over a year undermined her testimony about the severity of her condition. (*Id.* at 6.) Defendant argues that Federico's purported reasons for not seeing Dr. Noland are not supported by the record. (*Id.*) Specifically, Dr. Noland ordered a prolonged video EEG and, although Federico's insurance denied that procedure, it approved an alternative outpatient polysomnogram with EEG monitoring that Federico underwent in August 2018. (*Id.*) Moreover, Federico's testimony that she had two other scheduled appointments after December 2018 and that she requested to see another neurologist are not otherwise reflected in the record and contradict Dr. Noland's statement. (*Id.* at 6–7.) Therefore, Defendant argues, to the extent the ALJ erred by failing to articulate whether she considered Federico's reasons for not seeing Dr. Noland, any such error was harmless. (*Id.* at 7.)[1]

Alternatively, even if the Court agrees that the ALJ erred, Defendant believes this matter should be remanded for further proceedings because a judicial finding of disability and an award of benefits is not warranted. (*Id.* at 8.) Defendant emphasizes that remanding

---

[1] Defendant does not object to the Magistrate Judge's finding regarding the ALJ's assessment of Federico's daily activities. (Doc. 32 at 7.)

for benefits is reserved for rare circumstances. (*Id.*) Moreover, Defendant alleges "[t]he [Magistrate Judge] misidentified the order of the three prongs of the credit-as-true rule, asserting that it can decide the record is fully developed and remand would serve no purpose before finding ALJ error." (*Id.* at 9.) Defendant argues that the Magistrate Judge could only assess whether the record was fully developed *after* it concluded that the ALJ erred. (*Id.*) Defendant also argues the record here cannot be fully developed because there are conflicts and ambiguities, and the Magistrate Judge either failed to address these ambiguities or, indeed, relied on these ambiguities to determine that Federico was disabled. (*Id.*) Defendant specifically highlights that the Magistrate Judge relied on the ambiguity around when Federico had last visited a neurologist as partial support for her conclusion that there was no substantial evidence to support the ALJ's finding that Federico's treatment was routine and conservative. (*Id.*)

Defendant argues that serious doubts exist about whether Federico is disabled because her seizures were only observed by medical providers on two occasions, her scans were normal, and the severity of her symptoms were based only on her account. (*Id.* at 10.) Therefore, if the ALJ erred, Defendant believes the matter should be remanded for further administrative proceedings to determine whether Federico is in fact disabled. (*Id.* 10–11.)

## IV. Discussion

A claimant is "disabled" for the purpose of receiving benefits if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996); *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996). The ALJ follows a five-step sequential process to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460–62 (1983). The claimant bears the burden of establishing (1) she is not working; (2) she has a severe physical or mental impairment; (3) her impairment meets or equals the severity of a listed impairment; and (4) her residual functional capacity precludes her from performing

her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv). The burden then shifts at step five for the Commissioner of Social Security to show that the claimant has the residual functional capacity to perform other work in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

The Court must affirm the ALJ's decision if it is both supported by substantial evidence and free of legal error. *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020). However, the Court cannot overturn an ALJ's erroneous decision if the error was "inconsequential to the ultimate nondisability determination." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). Furthermore, substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison, Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

At her hearing, Federico testified that she experiences an average of two or three seizures each week, after which she has neck and back pain, and requires assistance performing basic self-care functions. (AR 36, 39, 43–45.) Federico also experiences headaches on a daily basis. (AR 43.) She further testified that she does light housework like washing dishes or sweeping maybe once a week but needs her daughters to help her with the rest because she cannot do laundry, grocery shop, do yardwork, exercise, drive, cook, or sit or stand for more than fifteen minutes at a time. (AR 39–43.) Federico also stated that she can "comfortably" lift no more than two pounds. (AR 43.) She said that she is on various medications to treat her seizures—which sometimes cause her to be drowsy—and visits her primary care physician every three to six months, although she explained that she had not seen her neurologist Dr. Noland is almost a year because he wanted her to complete an in-hospital stay and insurance would not approve it. (AR 42–44.)

At step three, the ALJ found that while Federico suffered from epilepsy, migraine headaches, and neurocognitive disorder that were all "medically determinable," she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 16–18.) The ALJ further determined that Federico had residual functional capacity to perform a full range of work at all exertional

levels but with certain non-exertional limitations. (AR 19.) At step four, the ALJ found that Federico could perform her past relevant work as a housekeeper. (AR 23.) Alternatively, at step five, the ALJ concluded that Federico could perform other work in the national economy. (AR 24–25.) Thus, the ALJ ultimately determined that Federico is not disabled. (AR 25.)

The ALJ discounted Federico's symptom testimony because her "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence . . . ." (AR 19.) The imaging of her brain was unremarkable and her neurological examinations at the time she sought treatment were normal. (AR 412, 417, 467, 476, 534, 536, 549, 568, 616, 892–93.)

Although objective medical evidence is a "useful" factor when assessing symptom severity, 20 C.F.R. § 404.1529(c)(2), the ALJ is required to provide clear and convincing reasons for rejecting a claimant's symptom testimony, *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Moreover, symptom testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). In this case, the additional grounds offered for discounting Federico's symptom testimony were not clear and convincing reasons supported by substantial evidence.

First, the Court agrees that the ALJ's decision is not supported by substantial evidence in the record to the extent she concluded that Federico's treatment was "routine and conservative." While "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment[,]" *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)), "[a]ny evaluation of the aggressiveness of a treatment regimen must take into account the condition being treated[,]" *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017). The claimant's testimony cannot be discounted when "the record does not reflect that more aggressive treatment options are appropriate or available." *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010). Here, the record shows that Federico was prescribed at least three separate medications for seizures. (*See, e.g.*, AR 368, 385, 393, 408, 428, 490,

549.) She also visited the emergency room on many occasions reporting that she had experienced a seizure and was having lingering effects; and received numerous imaging studies and treatment by various physicians. (AR 367, 384, 401, 407, 415, 434, 437, 512, 524–25, 528, 611, 615, 638, 781, 874, 883). Neither does the record indicate there was more aggressive treatment available or recommended that Federico declined. *See Dixon v. Berryhill*, Case No. EDCV 17-1837-KK, 2018 WL 6421691, at *6 (C.D. Cal. May 14, 2018) (quoting *Lapeirre-Gutt*, 382 F. App'x at 664) (concluding claimant's treatment was not conservative when she had been treating her seizures with medication, frequent doctor's visits, emergency room visits, and imaging studies for over seven years).

Moreover, the Court agrees that substantial evidence does not support the ALJ's dismissal of Federico's symptom testimony to the extent she relied on the fact that Federico had not seen Dr. Noland since December 2018. "[I]f the frequency or extent of the treatment sought by [the] individual is not comparable with the degree of the individual's subjective complaints[,]" the ALJ may reject the claimant's account of her symptoms. SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017). However, the ALJ must first "consider[] the possible reasons [for why the individual] may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *Id.* Therefore, the ALJ is required to "explain how [she] considered the individual's reasons in [her] evaluation of the individual's symptoms." *Id.* at *10; *see Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224–26, 1229 (9th Cir. 2009) (reversing because the court could not properly assess whether substantial evidence supported the ALJ's finding when the ALJ "failed to articulate a clear basis to support that assumption" contrary to a social security ruling).

Here, the ALJ did not consider Federico's proffered reason for not having seen Dr. Noland since December 2018. Federico testified that she had not stopped seeing Dr. Noland, but rather, he wanted her to complete other sleep studies before she saw him again and she was waiting "for an extended in-hospital stay" to be approved by insurance. (AR 43–44.) And, although both Federico and Dr. Noland stated that she had not seen him in a year, the record suggested she had follow-up appointments scheduled with Dr. Noland in January and March 2019. (AR 874, 883.) Moreover, there are medical records from

additional emergency room visits related to her seizures after December 2018. (*See, e.g.*, AR 883, 894.) There is, therefore, ambiguity around how long it had been since Federico went to Dr. Noland, and, even if it had been a year, Federico continued to seek treatment. *Cf. Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (concluding substantial evidence supported rejection of symptom testimony in part because, while claimant testified to severe back pain, approximately four months had passed without claimant seeking "any treatment," offering "powerful evidence regarding the extent to which she was in pain"). Substantial evidence does not support the ALJ's reliance on the gap in treatment from Dr. Noland as reason to discount Federico's symptom testimony, nor can the Court conclude otherwise given the ALJ's failure to articulate whether she considered the reasons for the gap.

The Court agrees with the Magistrate Judge that the ALJ's failure to provide other clear and convincing reasons supported by substantial evidence to reject Federico's symptom testimony was harmful error. The vocational expert testified that there is no work for someone with Federico's stated limitations, including that she cannot lift more than two pounds, sit or stand for more than fifteen minutes, or walk more than one block. (AR 50–51.) However, affording less weight to Federico's statements about the severity of her daily symptoms, the ALJ concluded that Federico was not disabled. This conclusion is far from "inconsequential to the ultimate nondisability determination." *Ford*, 950 F.3d at 1154 (quoting *Tommasetti*, 533 F.3d at 1038).

Finally, the Court also agrees that this matter should be remanded for a calculation and award of benefits. A federal court should normally "remand to the agency for additional investigation or explanation" if the court finds that the administrative agency has erred. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). However, the "credit-as-true" rule permits a court to remand for an award of benefits if

> (1) the record has been fully developed and further
> administrative proceedings would serve no useful purpose; (2)
> the ALJ has failed to provide legally sufficient reasons for
> rejecting evidence, whether claimant testimony or medical

> opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. However, the rule requires "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates *serious* doubt that a claimant is, in fact, disabled." *Id.* at 1021 (emphasis added).

All three elements of the credit-as-true rule are satisfied here. As the Magistrate Judge first concluded, and this Court has agreed, the ALJ "failed to provide legally sufficient reasons for rejecting . . . claimant testimony . . . ." *Id.* at 1020. Moreover, the record here is fully developed. As the Magistrate Judge summarized, the record includes testimony from Federico and the vocational expert in addition to the adult-function report, third-party function report, residual functional capacity report, and extensive medical records. Further administrative proceedings would not lend additional determinative clarity despite some ambiguity around the length of time that passed between when Federico last saw her neurologist. *See id.* at 1021 ("[P]recedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of the credit-as-true analysis."). Finally, there is no *serious* doubt that Federico is disabled in light of the medical records documenting her extensive treatment and her testimony describing the frequency and severity of her debilitating symptoms which the Court has already summarized. The vocational expert confirmed that there is no work for someone with Federico's stated limitations.

Lastly, the Court has reviewed the areas of the R&R not objected to by the Plaintiff and finds them well-reasoned and legally sound.

///

///

///

///

- 10 -

**IT IS THEREFORE ORDERED:**

1.  The Report and Recommendation is **ADOPTED**. (Doc. 31.)

2.  The decision of the Commissioner denying Plaintiff's claim for benefits is **REVERSED**.

3.  This case is **REMANDED** for a calculation and award of benefits in accordance with this Order.

    Dated this 22nd day of November, 2022.

Honorable Raner C. Collins
Senior United States District Judge